**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **LEGATO HOLDINGS, LLC** § | | |
| Plaintiff § | | |
| § | | |
| V. § | **CIVIL ACTION NO. _____** | |
| § | | |
| **AMERICAN ZURICH INSURANCE** § | **JURY DEMANDED** | |
| **COMPANY ("ZURICH")** § | | |
| Defendant § | | |

**COMPLAINT**

Now comes Legato Holdings, LLC, hereinafter referred to as "Plaintiff," and for its cause of action against American Zurich Insurance Company, hereinafter referred to as "Defendant" or "Zurich," would respectfully show the court the following, to wit:

**I. PARTIES**

1. Plaintiff, LEGATO HOLDINGS, LLC, is a Texas Limited Liability Company doing business in the State of Texas, with offices at 210 N. Stateline Avenue, Suite 507, Texarkana, AR 71854.

2. The Defendant, American Zurich Insurance Company is an insurance corporation and a part of a group of companies owned by the Zurich Insurance Company, a Swiss insurance company with its Administrative Office in America located at 1400 American Lane, Schaumburg, IL 60196. The Defendant is authorized and is doing business in the State of Texas, as well as other states in the United States, and did business in this case by the issuance of Certificate Number BR08541296 to Plaintiff, Legato Holdings, LLC, "the named insured." The Defendant may be served by serving its agent for service of process, specifically, Corporation Service Company, 211 East 7th Street, Suite

620, Austin, TX 78701-3218; or it local producing agent, F W Offenhauser & Company, Inc., 518 Pine Street, Texarkana, TX 75501-5515.

## II.  FEDERAL JURISDICTION

3.  This court has original jurisdiction because the amount in controversy in this action exceeds the sum of $75,000, exclusive of interests and costs, and the dispute is between a citizen of the State of Texas and a Foreign Corporation, specifically a Non-Texas Corporation doing business in the State of Texas.  28 U.S.C. § 1332.

4.  Venue is proper in this court because the Plaintiff is a corporate citizen within the Eastern District of Texas and casualty insurance policy was issued for coverage on real property located in the Eastern District of Texas at 105 Lamar Street, Daingerfield, Morris County, Texas.

## JURY DEMAND

5.   Plaintiff hereby gives notice of its demand for a jury trial.

## BACKGROUND STATEMENT OF RELEVANT FACTS

6.   Effective October 5, 2015, and extending to April 5, 2016, the Defendant issued a Builders Risk Coverage Policy, Certificate Number BR08541296 to and for the benefit of the Plaintiff, Legato Holdings, LLC as the "Insured" with a deductible of $5,000.00 insuring the building located a 105 Lamar Street in Daingerfield, Texas.

7.   Notice a claim for benefits for a collapse of the insured building was promptly filed on or about October 27, 2015. On that date, the defendant emailed an acknowledgment of the claim, and requested documentation of (1) Original Construction Budget/Contract, (2) Replacement Estimates/Invoices for damages and (3) Lease(s).  On October 29, 2015, the insured filed with the Defendant by email the requested documents including (1) the original lease, (2) the lease addendum

to add additional space to the lease, and the latest construction budget.  On November 10, 2015, the Defendant advances an initial payment of $5,000 as a partial/advance payment towards the cost of the damage caused by the collapse of the roof in the insured building.  On November 10, 2015, Plaintiff requested Kevin Zimmerman's report estimating the replacement cost and a proof of loss prepared by Kevin Zimmerman, the claims specialist and backup to Mr. Steve Clair, the claims specialist assigned to the claim by the Defendant.  However, on November 10, the same day, Mr. Clair stated by email that Kevin had not submitted an estimate.

8. On December 3, 2015, Defendant submitted an adjuster's estimate of $70,593.88, but but deducted $11,221.94 as "non-recoverable depreciation" leaving an alleged Gross Claim ACV of $59,371.94 from which the Defendant deducted the contract Deductible of $5000 for a proposed Net Claim of $54,371.94.

9. On December 31, Defendant's adjuster, Steve Clair, discussed with Plaintiff's principal, David J. Potter II, the potential for an increase in the repair costs due to the differences between the Plaintiff's estimated costs of repairs and the adjuster's estimate.  Plaintiff's principal, David J. Potter, was requested by the Defendant's adjuster to prepare a build-back estimate and submit it for review.  However, such an estimate could not be accomplished without architectural plans in compliance with the current building codes.  Plaintiff hired an architect and worked diligently to obtain a set of building plans from which a reliable construction estimate could be prepared.

10. A preliminary set of architectural drawings were prepared by W. Mark Bailey, an Architect, with a list of "wood notes" for review.  However, a structural engineer was working on a set of roof framing plans, and so the building plans were still incomplete as of February 17, 2016.

On March 2, 2016, the roof truss bracing details from the structural engineer was provided to the Plaintiff's estimator.

11. On April 21, 2016, Plaintiff submitted by email a "Job Cost Estimate" for the reconstruction of the collapsed structure for which the claim had been made. The Estimate, not including Overhead and Profit for the general contractor, was $206,694.38. Of that amount, $69,297.88 had been completed. The construction completed was necessary to prevent additional damages from water intursion into the adjacent office space which had been newly renovated and was occupied. The Plaintiff delivered to the Defendant by separate email, the structural drawings from which the estimate was prepared.

12. On April 22, 2016, the Defendant's claims specialist assigned to the claim, Mr. Steve Clair acknowledged receipt of the email and all documents attached in the April 21, 2016 from Plaintiff. Clair further represented that an Engineer/Building Consultant was assigned to review the loss, determine repair methodology, and repair cost based upon market condition.

13. On June 22, 2016, Defendant's Claims Specialist, Mr. Steve Clair, notified the Plaintiff that he had received the consultants report and that it was under review, and further, that "We should have a finalization in 7 to 10 days.

14. On August 11, 2016, Defendant through its Claims Specialist, Steve Clair, responded with a recapitulation of the history of the claim, erroneously stating:

 "**Mr. Potter II made a decision to build back, at almost 200,000 above the IA's estimated cost, without giving us an opportunity to reach an agreement on the scope and cost. This was work which he performed through his contracting company, and which also precluded competitive estimates. In good faith, American Zurich Insurance Company, requested PT&C/LWG do an onsite inspection and review the claim documentation provided by the IA."**

The statement of completed reconstruction by the insured was entirely false. The reconstuction has

not been undertaken, but was the estimated cost based upon the detailed archectural and engineering plans and specifications for work that would be required to reconstruct the damaged structure to current building code standards. The only work that has been accomplished was the emergency repairs that were necessary to protect the remaining building and to avoid additional damages, and which was approved by the Defendant.

15. The Defendant concluded that the amount of the initial advance payment of $54,371.94 was an overpayment of $2,287.97. The Defendant asserted, erroneously, that the "Items scheduled for renovation are not a 'loss' as they were budgeted for renovation, which had not been performed prior to the loss date." That assertion was also false. The reconstruction was not previously planned, and the reconstruction was solely to restore the building to it's prior status as a standing building ready for remodeling as may be desired in the future.

## CAUSE OF ACTION #1: BREACH OF CONTRACT

16. The Plaintiff adopts and restates all allegations setforth in Paragraphs 6-15 above.

17. The Defendant has breached the insurance contract by failing to pay to the Plaintiff the reasonable costs of repair and replacement of the building due to the casualty loss under coverages then existing at the time of the roof collapse. The reasonable cost of repair, including archectectural plans and engineering expenses required, was $248,033.26, including an allowance for 10% home office overhead and 10% profit. After a reduction of the estimated reasonable costs by a deductible of $5000, and a further reduction of the initial and only advanced payment by the Defendant of $54,371.94, the remaining unpaid balance due under the contract is estimated to be $188,661.32. By reason of the breach, after reduction in the price for $5,000.00 and advanced payment of Plaintiff is entitle to judgment in the amount of $188,661.32.

18. It has become necessary for the Plaintiff to institute suit in this case. The Plaintiff is entitled to recovery of reasonable attorney's fees expended in this case for the breach of the insurance contract.

### CLAIM FOR ATTORNEY FEES FOR BREACH OF CONTRACT AND VIOLATION OF THE TEXAS PROMPT PAYMENT ACT OF THE INSURANCE CODE

19. Plaintiff has violated the Texas Prompt Payment of Claims provision of the Texas Insurance Code, Chapter 542 , subchapter B. Specifically, Sec. 542.051 et seq. Pursuant to Sec. 542.054, This subchapter shall be liberally construed to promote prompt payment of insurance claims. Sec. 542.057 provides that the claim shall be paid no later than the 5th day after the claim is made. However, subsection (b) provides that if part of the claim is conditioned on the performance of an act by the claimant, as in this case, the insurer "shall pay the claim not later than the fifth business day after the date the act is performed. As stated above, the architectural drawings were required before a cost estimate could be prepared. That was requested by the defendant and was done by the Insured/Plaintiff as quickly as possible. The cost estimate was submitted by the Plaintiff to the Defendant, but payment was not forthcoming, and has not been paid.

20. Section 542.058 provides that if payment is not forthcoming within the time allotted, the insurer shal pay damages as provided in Section 542.060. Payment was not timely paid within 5 days after completion of all requested submissions of estimated costs, plans, etc.

21. Pursuant to Sec. 542.060, the Defendant is liable under the Texas Prompt Payment provisions of the Act for 18% per annum in addition to the damages covered by the insurance policy from and after 5 days from the date of submission of all requested plans and estimates for repair and replacement of the damaged building.

22. In addition, Sec. 542.060 provides that "if suit is filed, the attorney's fees shall be taxed as part of the costs in this case. Plaintiff has been required to hire the undersigned attorney to bring suit in this court. Upon recovery of judgment in this court, the Plaintiff is entitled to an award of reasonable attorney fees under each stated cause of action, namely Breach of Contract and Violation of the Prompt Payment Act of the Insurance Code. Therefore, Plaintiff prays for an award of reasonable attorney fees and costs of this proceeding.

**Wherefore, premises considered,** Plaintiff prays for judgment against the Defendant for the amount of $188,661.32, plus prejudgment interest in the amount of 18% per annum since the date of the Defendant's letter unreasonably denying benefits sent by email on August 11, 2016 to the date of judgment in this case and postjudgement at the same rate until paid, and for reasonable and necessary attorney fees as may be shown by the evidence to be taxed as costs, for costs of court herein expended, and for all other just and proper relief, both at law and in equity, as Plaintiff may show itself to be entitled.

Respectfully Submitted,

_____
David J. Potter, Attorney at Law
Texas Bar No. 16175000
901 N. Stateline Ave.
Texarkana, Texas 75501-5268
Ph. 903-794-2283
Cell Phone: 903-277-0442
Email: dpotter@potter-law.com

ATTORNEY FOR PLAINTIFF